IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| DENNIS NEER, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 3:16CV00210-JJV |
| Commissioner, Social Security | * | |
| Administration | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Dennis Neer, appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claims for disability insurance benefits and supplemental security income. For reasons set out below, the decision of the Commissioner is REVERSED and REMANDED.

**I.   BACKGROUND**

On March 24, 2014, Mr. Neer protectively filed for benefits due to neck and arm problems. (Tr. 99, 107.) His claims were denied initially and upon reconsideration. At Mr. Neer's request, an Administrative Law Judge ("ALJ") held a hearing on April 28, 2015, where Mr. Neer appeared with his lawyer. (Tr. 61-96.) At the hearing, the ALJ heard testimony from Mr. Neer and a vocational expert ("VE"). (Tr. 88-93.)

The ALJ issued a decision on June 5, 2015, finding Mr. Neer was not disabled under the Act. (Tr. 47-56.) The Appeals Council received additional evidence and denied Mr. Neer's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-43.)

Mr. Neer, who was forty-seven years old at the time of the hearing (Tr. 65), has a ninth grade education and past relevant work as a landscape laborer, construction worker, and automobile

1

detailer.

## II.   DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found Mr. Neer had not engaged in substantial gainful activity since March 21, 2014, and he had "severe" impairments in the form of degenerative disc disease and headaches. (Tr. 49-50.)  However, the ALJ found Mr. Neer did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 50.)

According to the ALJ, Mr. Neer has the residual functional capacity ("RFC") to perform light work but he is "limited to only occasionally reaching with the right upper extremity." (*Id.*)  The VE testified that Plaintiff's past work was performed at the heavy and medium exertional levels - exceeding his present RFC. (Tr. 89-90.)  So the ALJ asked the VE if jobs existed for an individual capable of performing light work who could only occasionally reach with their right upper extremity. (*Id.*)  The VE testified, "Your Honor, in cases like this I would submit this work as a cashier II.  Now this is not a checker at like Wal-Mart or a grocery store.  This is like a self-service station or a dining room where people just come through and pay." (Tr. 90.)  Accordingly, the ALJ determined Mr. Neer could perform other work that existed in significant numbers in the economy and concluded he was not disabled.

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

**III.    ANALYSIS**

    **A.    Standard of Review**

In reviewing the Commissioner's decision, courts must determine whether there is substantial evidence in the record as a whole to support the decision.[3] Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, a court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[5]

    **B.    Mr. Neer's Arguments for Reversal**

Mr. Neer asserts the Commissioner's decision should be reversed because it is not supported by substantial evidence. Specifically, he contends the ALJ (1) failed to resolve the conflict between the Dictionary of Occupational Titles and the VE testimony; (2) failed to properly consider his credibility. (Doc. No. 13. at 14-25.)

        1.    Failure to Resolve Conflict

Mr. Neer's case is similar to the Eighth Circuit Court of Appeals decisions that have found error with the ALJ not resolving the conflict between the VE testimony and the job as it is described in the Dictionary of Occupational Titles.[6]

Here, the ALJ concluded Plaintiff's RFC allows him to perform light work with only occasional reaching with the right upper extremity. (Tr. 50.) And based on the testimony of the VE,

---

[3] *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4] *Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5] *Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

[6] *See Moore v. Colvin*, 769 F.3d 987 (8th Cir. 2014); *Kemp v. Colvin*, 743 F.3d 630, 633 (8th Cir. 2014.)

the ALJ determined Mr. Neer could perform the job of "Cashier 2. (DOT# 211.462-010)." (Tr. 55.) Yet, the job of Cashier 2 is described as requiring frequent reaching. (*See* Dictionary of Occupational Titles (DOT) #211.462-010 and Selected Characteristics of Occupations Defined (SCO).) This creates a reversible conflict between Plaintiff's RFC and the job the ALJ identified Plaintiff could perform.

The Commissioner argues that the VE resolved any conflict with his testimony about the specific job he was describing. (Doc. No. 14 at 4-5.) But I find the VE's testimony fails to amount to substantial evidence on this point. When Mr. Neer's counsel asked the VE about the reaching requirement, the VE testified, "Well, I don't have that one. I don't have that with - - I have the DOT today." (Tr. 91.) The VE said he was describing cashier jobs at self service gas stations and testified, "But just when I think about reaching I'm thinking more about sort of leaning and reaching out and picking up, and holding, and carrying something. Just for somebody to put money in your hand basically, and you to put money back in their hand, that's not much reaching." (Tr. 91-92.) I find the VE's above description wholly fails to correspond with the description of the job as it appears in the DOT. The DOT describes cashier at a self-service gasoline station as requiring Plaintiff to "press numeric keys of computer corresponding to gasoline pump to reset meter on pump and to record amount of sale and be designated Cashier." *See* DOT #211.462-010.

Accordingly, I find that the ALJ's decision was not based on substantial evidence. The ALJ's decision is based on the VE's testimony being "consistent with the information contained in the Dictionary of Occupational Titles." (Tr. 55.) It is not. And I cannot agree with the Commissioner's argument that any conflict was resolved by the VE's clarification of the job duties.

   2.   Other Arguments

On remand, the Commissioner should address Mr. Neer's arguments regarding the ALJ's

4

credibility assessment.

**IV.    CONCLUSION**

A reasonable mind would not accept the evidence as adequate to support the ALJ's decision because the decision does not resolve the conflict between Plaintiff's residual functional capacity and requirements of the job of Cashier 2.  Therefore, the Court REVERSES the decision and REMANDS the case to the Commissioner for resolution of this conflict in accordance with the Eighth Circuit decisions in *Moore* and *Kemp*.

This is a "Sentence Four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 31st day of January, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE